Appeal Form No. 2

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| In Re | | Chapter |
|---|---|---|
| | | Case No. |
| | | Adv. No. |
| | Debtor(s) | |
| | Appellant(s) | |
| v. | | **TRANSMITTAL OF APPEAL TO DISTRICT COURT** |
| | Appellee(s) | |

TO:   CLERK, UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA

Transmitted herewith is:

    A Notice of Appeal filed on _____, a copy of the order of judgment appealed, and the election of appellant to have appeal transferred to the District Court pursuant to 28 U.S.C. Section 158(c)(1).

    The Notice of Appeal Filing Fee ☐ has been paid, ☐ has not been paid, or ☐ waived by order pursuant to 28 USC 1930(f).

Dated:

                      GEORGE PRENTICE, CLERK OF COURT
                      U.S. BANKRUPTCY COURT

                      By:_____
                            Deputy Clerk

Copies to be mailed to attorneys for interested parties and pro se parties to the appeal by the BNC.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| In Re | | Chapter |
|---|---|---|
| | | Case No. |
| | | Adv. No. |
| | Debtor(s) | |
| | Appellant(s) | |
| v. | | **NOTICE OF FILING OF APPEAL AND NOTICE OF REFERRAL OF APPEAL TO THE DISTRICT COURT** |
| | Appellee(s) | |

YOU ARE HEREBY NOTIFIED that a Notice of Appeal has been filed on _____ with the Clerk of the U.S. Bankruptcy Court.  The appellant has filed an election to have the appeal transferred to the District Court.  Pursuant to 28 USC Section 158(c), the Appeal is referred to the District Court.

NOTICE IS GIVEN TO THE APPELLANT that the appellant shall, within 14 days of the filing of the Notice of Appeal[1], file with the Clerk of the U.S. Bankruptcy Court, 230 N. 1st Ave, #101, Phoenix, Arizona, 85003 the following:

1. A designation of the items to be included in the record on appeal and serve a copy upon the appellee;
2. A statement of the issues to be presented and serve a copy upon the appellee; and
3. A request for any transcripts where the designation includes a transcript of any proceeding or a part thereof.  The party requesting transcripts must follow the court's ordering procedures.

Dated:

GEORGE PRENTICE, CLERK OF COURT

By: _____
      Deputy Clerk

Copies to be mailed to attorneys for parties and pro se parties to the appeal by the BNC

---

[1] FRBP 8006 provides that if a motion for leave to appeal was filed or timely motions under FRBP 8002(b), then the below listed items are due 21 days after the appeal is filed, or entered, or the disposition of motions, whichever is later.

# United States Bankruptcy Court
# District of Arizona

## APPEALS - ORDERING AN OFFICIAL TRANSCRIPT

If you have filed an appeal and designated a transcript of a hearing as part of the record on appeal, you will need to follow the steps below to obtain an official transcript:

1. Determine the date of the hearing.

2. Determine whether you need a transcript.

3. Determine if the transcript is already on file by reviewing the case docket or you may call the court for assistance.

4. Ordering a transcript requires an advanced deposit. The deposit and price for the transcript will vary as it depends upon the estimated length of the hearing and turn-around time requested.

5. To order a transcript, please contact the ECR Operator Team who will advise you of the procedures for ordering a transcript and for making payment.

6. The court uses an independent transcription company to prepare official transcripts.

7. At the time the transcription company provides you with a transcript, a copy is filed with the court; therefore, it is not necessary for you to file a copy.

8. Reminder: If you have designated a transcript of a Court proceeding in your Appeal documents, **it is your responsibility to order it** from the Bankruptcy Court ECR Operator Team. The order should be placed at the time you file the Statement of Issues and Designation of Record.

Contact Information:

| | |
|---|---|
| ECR Operator Team – Phoenix, Prescott, Flagstaff, Bullhead City | 602-682-4200 |
| ECR Operator Team – Tucson | 520-202-7556 |
| ECR Operator Team – Yuma | 602-682-4961 |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

## NOTICE TO PARTIES TO APPEAL TO DISTRICT COURT

Procedure when an appeal is transmitted to District Court:

1. Upon receipt of an appeal from the Clerk of the Bankruptcy Court or from the Clerk of the Bankruptcy Appellate Panel, the appeal is assigned a civil case number in the District Court. The District Court then sends a "Notice of Receipt of Appeal" to the parties to the appeal advising them of the civil case number assigned in the District Court.

2. The bankruptcy appeal in the District Court is governed by the District Court Local Rules of Bankruptcy Appeal Procedure. Please refer to these rules.

3. When the statement of issues, designation of record and any designated transcripts are filed with the Bankruptcy Court, the Bankruptcy Court Clerk will transmit to the District Court a certificate that the record is complete. The date of transmittal to the District Court constitutes the date of the entry of the appeal on the docket in District Court.

4. The record is retained in the Bankruptcy Court. Copies of the record are no longer required to be filed with the District Court. Instead, the parties include copies from the record in their Excerpts of Record filed as appendix to their briefs.

FENNEMORE CRAIG, PC
Gerald L. Shelley  (No. 010453)
Anthony Austin  (No. 025351)
2394 E Camelback, Suite 600
Phoenix, Arizona  85016
Telephone: (602) 916-5000
Fax: (602) 916-5639
gshelley@fennemorelaw.com
aaustin@fennemorelaw.com

*Attorneys for Debtor*
*Charles Michael Colburn*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>CHARLES MICHAEL COLBURN,<br><br>Debtor. | Chapter 7<br><br>No. 2:21-BK-05407-MCW<br><br>**NOTICE OF APPEAL OF ORDER GRANTING TRUSTEE'S MOTION TO APPROVE COMPROMISE /SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019 WITH MEDMEN ENTERPRISES, INC.** |

Charles Michael Colburn, Debtor, pursuant to 28 U.S.C. § 158(a), appeals to the United States District Court for the District of Arizona from the Bankruptcy Court's Minute Entry Order Granting Trustee's Motion to Approve Compromise/Settlement Pursuant to Bankruptcy Rule 9019 with Medmen Enterprises, Inc. dated  Denying Motion to Dismiss, dated December 22, 2021.  A copy of the Minute Entry Order is attached as Exhibit A.

The parties to the Order appealed from, and the names, addresses and telephone numbers of their respective attorneys are as follows:

David Reaves
Misty Weigle
2999 N. 44th Street, Suite 515
Phoenix, Arizona 85018
*Chapter 7 Trustee and Counsel*
(602) 241-0101

FENNEMORE CRAIG
ATTORNEYS AT LAW
PHOENIX

1107725/92197.040

| | |
|---|---|
| 1 | Steven D. Jerome |
| 2 | Snell & Wilmer |
|   | 400 East Van Buren Street |
| 3 | Phoenix, AZ 85004-2202 |
|   | *Counsel for Medmen Enterprises, Inc.* |
| 4 | (602) 382-6344 |
| 5 | Elizabeth C. Amorosi |
|   | Attorney for US Trustee |
| 6 | 230 N 1st Ave, Ste 204 |
|   | Phoenix, Arizona 85003 |
| 7 | (602) 682-2600 |

DATED this 5th day of January, 2022.

FENNEMORE CRAIG

By __/s/ Gerald L. Shelley_____
   Gerald L. Shelley
   Anthony Austin
   *Attorneys for Debtor*

COPY of the foregoing was served via ECF notice on all parties registered to receive notice via ECF and to the following via email:

| | |
|---|---|
| Janel M. Glynn | David M. Reaves |
| The Burgess Law Group | Misty M. Weigle |
| janel@theburgesslawgroup.com | Reaves Law Group |
| *Attorneys for Debtor* | dreaves@reaves-law.com |
|  | mweigle@reaves-law.com |
|  | *Trustee* |
| Elizabeth C. Amorosi | Steven D. Jerome |
| US Trustee | Emily Gildar Wagner |
| Office of the US Trustee | James G. Florentine |
| Elizabeth.c.amorosi@usdoj.gov | Snell & Wilmer, L.L.P. |
|  | sjerome@swlaw.com |
|  | ewagner@swlaw.com |
|  | jflorentine@swlaw.com |
|  | *Attorneys for MedMen Enterprises, Inc* |

/s/ Gidget Kelsey_____

# EXHIBIT A

SO ORDERED.

# UNITED STATES BANKRUPTCY COURT
Dated: December 22, 2021

## FOR THE DISTRICT OF ARIZONA

### Minute Entry

*Madeleine C. Wanslee*
Madeleine C. Wanslee, Bankruptcy Judge



**_Hearing Information:_**

| | |
|---|---|
| **Debtor:** | CHARLES MICHAEL COLBURN |
| **Case Number:** | 2:21-BK-05407-MCW    **Chapter:** 7 |
| **Date / Time / Room:** | TUESDAY, DECEMBER 21, 2021 10:30 AM VIDEO CONF HRGS |
| **Bankruptcy Judge:** | MADELEINE C. WANSLEE |
| **Courtroom Clerk:** | TAYLER CARTER |
| **Reporter / ECR:** | MICHELLE RADICKE-STEVENSON |

**_Matter:_**

TRUSTEE'S MOTION TO APPROVE COMPROMISE/SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019 TO APPROVE SETTLEMENT AGREEMENT WITH MEDMEN ENTERPRISES , INC
R / M #: 238 / 0

**_Appearances:_**

RANDY NUSSBAUM, ATTORNEY FOR CHARLES MICHAEL COLBURN
SIERRA MINDER, ATTORNEY FOR CHARLES MICHAEL COLBURN
J. CHRISTOPHER GOOCH, ATTORNEY FOR CHARLES COLBURN
ANTHONY AUSTIN, ATTORNEY FOR CHARLES COLBURN
DAVID REAVES, TRUSTEE
ELIZABETH C. AMOROSI, ATTORNEY FOR U.S. TRUSTEE
STEVEN D. JEROME, ATTORNEY FOR MEDMEN ENTERPRISES, INC
SAMERA LUDWIG, ATTORNEY FOR CSI SOLUTIONS LLC, KANNABOOST TECHNOLOGY, INC.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 2:21-BK-05407-MCW          TUESDAY, DECEMBER 21, 2021 10:30 AM

## *Proceedings:*

    Mr. Reaves states the Trustee's position.

    Mr. Jerome argues MedMen Enterprises, Inc's position.

    Mr. Nussbaum argues Debtor's position.

    Ms. Amorosi argues the U.S. trustee's position.

    COURT: THE COURT GRANTS THE MOTION FOR THE REASONS STATED ON THE RECORD AND WILL ISSUE A MINUTE ENTRY ORDER.

**SUBSEQUENTLY THE COURT SUPPLEMENTS ITS ORAL RULING :** After considering the papers and arguments of counsel, the Court finds and concludes that the settlement should be approved because (1) the Debtor lacks a probability of success on the state court claims (exacerbated by Debtor's lack of credibility and general refusal to cooperate with the Trustee along with the possibility that the state court may strike Debtor's papers), (2) litigating the state court claims would be complex, expensive, and inconvenient, and (3) approving the settlement is in the best interests of the estate, creditors, and other parties in interest.

Notice of the settlement was appropriately given by the Trustee and the Bankruptcy Noticing Center to all creditors and parties in interest as set forth on Debtor's mailing list (Dkt. Nos. 252 and 255). Debtor is responsible for the accuracy and completeness of the master mailing list and any supplement. FRBP 1007.

The settlement, which is for the full amount Debtor estimated the liabilities of the estate to be when he filed his petition, is fair and reasonable under the circumstances. And the paramount interests of the creditors, giving proper deference to their reasonable views even if this is primarily a two-party dispute, also support approving the settlement. The Court overrules the objections to the settlement and finds that the Trustee and MedMen entered into the agreement in good faith and that the Trustee's entry into the settlement does not violate the Controlled Substances Act (CSA).

Should the Trustee take over the litigation, he will require Debtor's assistance to prosecute the claims. Unfortunately, Debtor's cooperation is unlikely and his credibility is lacking. The facts of this case, which Debtor voluntarily filed on July 13, 2021, are a moving target, and at times appear to change to fit the circumstances of the moment. For example, shortly after this case was filed Debtor and his counsel claimed that he has insufficient contacts with the marijuana-related industry to make him ineligible to be a Chapter 13 debtor. Now that the case has been converted, he vehemently claims otherwise. These later conclusory claims are uncorroborated by the record. Debtor's unreliability and lack of credibility is also evidenced by his lengthy delay and ultimate failure to file complete schedules and statement of financial affairs coupled with his ever-changing and clearly contradictory positions.

Debtor's arguments that the settlement violates the CSA were undeveloped and conclusory at best. Despite repeated request for explanation, the objectors were unable to articulate an application of the CSA to the present facts. Further, no party provided applicable legal authority showing that the Trustee's settlement of three Note

Page 2 of 4

Case 2:21-bk-05407-MCW   Doc 288   Filed 12/22/21   Entered 12/23/21 08:08:35   Desc
Main Document   Page 2 of 4
12/22/202 7:37:38AM

Case 2:21-bk-05407-MCW   Doc 298   Filed 01/06/22   Entered 01/06/22 10:50:58   Desc
Main Document   Page 5 of 17

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 2:21-BK-05407-MCW        TUESDAY, DECEMBER 21, 2021 10:30 AM

Claims and three Securities Fraud Claims violates the CSA. Instead, the cases cited were distinguishable. The Court notes, however, that one of the cited cases acknowledges that the Ninth Circuit has been reluctant "to adopt a per se bright-line rule requiring the immediate disposition of bankruptcy cases in which marijuana activity is present. . ." and that "the mere presence of marijuana near a bankruptcy case does not automatically prohibit a debtor from bankruptcy relief." *In re Burton*, 610 B.R. 633, 637 (9th Cir. BAP 2020). Here, there is an attenuated relationship between the facts of this case and the CSA. There is no evidence that the Trustee would be administering assets that are illegal or proceeds from illegal activity.

The plain language of the CSA makes clear that the activities the Trustee asks this Court to approve — i.e., his settlement of the state court claims — do not violate the CSA. See 21 U.S.C. § 841(a)(1). Neither the litigation (of the securities fraud issues or negotiable instruments) nor the settlement involves marijuana or any violation of or conspiracy to violate the CSA. "By definition, manufacture, distribute, and dispense do not include the act of purchasing a security off the secondary market. Therefore, securities purchases, [and litigation involving securities purchases, or securities fraud,] should not be an offense that rises to the level of the basic prohibited activity under the CSA." Joshua Horn & Ellis Martin, *Compliance Issues with Cannabis Company Investments*, NSCP Solutions (Sept. 2020).

Debtor has repeatedly asserted throughout this case that he or the Trustee held the litigation claims, rendering them property of the estate. These judicial admissions were:

1. under oath (Schedules A/B filed August 23, 2021; 341 First Meeting of Creditors on October 26, 2021);
2. in pleadings (Debtor's Motion to Modify the Automatic Stay at Dkt. No. 92; Objection to Emergency Motion to Convert Case to Chapter 7 Proceedings at Dkt. No. 35; Objection to Motion to Confirm the Absence of the Automatic Stay or, Alternative, Relief from the Automatic Stay to Proceed with Contempt Proceeding at Dkt. No. 93); and
3. through Debtor's various attorneys' admissions (September 3 and October 20, 2021 Hearing Transcripts at Dkt. Nos.169 and 231).

After the Trustee filed the settlement motion, Debtor amended his schedules and now disavows any such interest, instead asserting that the claims cannot be settled because they belong to his employer Unisys Technical Solutions, LLC. Based on the information provided at this hearing, Debtor has, or recently had, an interest in Unisys, but the Court notes that Unisys is not disclosed as a business of which Debtor held an interest within the past four years on SOFA # 27. On December 10, 2021, Debtor also produced an assignment of the litigation claims with "/s/" typed signatures dated as of January 20 2021, which preceded the case filing.

Given Debtor's ever-changing information, to which version of the facts should the Court give weight? Having repeatedly asserted that the litigation claims are part of this bankruptcy case, and having failed to previously produce this assignment document despite discovery requests, Debtor is now judicially estopped from asserting otherwise.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 2:21-BK-05407-MCW        TUESDAY, DECEMBER 21, 2021 10:30 AM

In sum, the Court finds and concludes that entering into the settlement is a reasonable exercise of the Trustee's business judgment. The settlement of the litigation does not run afoul of the CSA, nor does the settlement payment require the Trustee to administer assets that are illegal under the CSA or constitute proceeds from activity criminalized by the CSA. While the Court may not be in a position to release claims that may be held by the purported assignee, Unisys Technical Solutions, LLC, if that entity actually holds any valid claims based on the assignment that was purportedly completed in January 2021, Debtor is estopped from playing a shell game in this Court. The Court therefore approves the settlement as proposed by the Trustee, with the condition that such settlement is for the settlement of Debtor's claims that constitute property of the estate.

HONORABLE MADELEINE C. WANSLEE
DATED AND SIGNED ABOVE

Page 4 of 4

Case 2:21-bk-05407-MCW   Doc 288   Filed 12/22/21   Entered 12/23/21 08:08:35   Desc
Main Document   Page 4 of 4
12/22/202 7:37:38AM

Case 2:21-bk-05407-MCW   Doc 296   Filed 01/06/22   Entered 01/06/22 10:50:58   Desc
Main Document   Page 11 of 11

# Notice Recipients

District/Off: 0970–2    User: admin    Date Created: 1/6/2022
Case: 2:21–bk–05407–MCW    Form ID: pdf008    Total: 12

**Recipients of Notice of Electronic Filing:**
ust    U.S. TRUSTEE    USTPRegion14.PX.ECF@USDOJ.GOV
tr    DAVID M. REAVES    trustee@reaves–law.com
aty    ANTHONY W. AUSTIN    aaustin@fclaw.com
aty    DAVID M. REAVES    dreaves@reaves–law.com
aty    ELIZABETH C. AMOROSI
aty    EMILY GILDAR WAGNER    ewagner@swlaw.com
aty    GERALD L. SHELLEY    gshelley@fennemorelaw.com
aty    JAMES GEORGE FLORENTINE    jflorentine@swlaw.com
aty    JANEL M. GLYNN    janel@theburgesslawgroup.com
aty    MISTY W. WEIGLE    mweigle@reaves–law.com
aty    STEVEN D. JEROME    sjerome@swlaw.com

                                                                           TOTAL: 11

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
aty    SAMERA S LUDWIG    L&G LAW GROUP LLP    175 W JACKSON BLVD, SUITE 950    CHICAGO, IL 60604

                                                                           TOTAL: 1